UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF VIRGINIA
Lynchburg (Charlottesville) Division

| | |
|---|---|
| IN RE:  CATHERINE CAIN TYLER<br>Debtor | Chapter 7<br>Case No. 07 25 60754 |
| DYGERT, WRIGHT, HOBBS & HERNANDEZ, PLC<br>Plaintiff, | |
| v. | Adversary Proceeding No._____ |
| CATHERINE CAIN TYLER<br>c/o William Harville, Esquire<br>The Law Office of William Harville<br>P.O. Box 460<br>Urbanna, Virginia  23175<br>Defendant. | |

## COMPLAINT OBJECTING TO DISCHARGE OF DEBT

TO THE HONORABLE REBECCA CONNELLY, U.S. BANKRUPTCY JUDGE:

Your Plaintiff, Dygert, Wright, Hobbs & Hernandez, PLC ("DWHH" or the "Firm"), by counsel, respectfully represents to the Court as follows:

1. This Chapter 7 proceeding was commenced by the Debtor, Catherine Cain Tyler ("Ms. Tyler"), by filing a voluntary petition under Chapter 7 of the Bankruptcy Code on June 30, 2025. The meeting of creditors was held on July 29, 2025, and the case is being administered by Hannah W. Hutman, Trustee.

2. This Complaint is filed, pursuant to 11 U.S.C. § 523(a)(4) and (7), to object to the dischargeability of the underlying debt owed by the Debtor to this Plaintiff.

3. This Court has jurisdiction under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(I).

4. On September 29, 2003, DWHH hired Ms. Tyler as a bookkeeper. In that position, her responsibilities included managing the law firm's financial and accounting functions, including both its operating and trust banking accounts. Among other things, Ms.

Tyler's duties included receiving money, making bank deposits, applying client payments to outstanding invoices, accounting for cost advances and reimbursement, and paying firm bills.

5. In 2004, within approximately one year of her hire, Ms. Tyler also became the Firm's real estate paralegal and assumed the additional responsibilities of preparing real estate transactions for closing, communicating with lenders and title insurance companies, making post-closing monetary disbursements, and performing related account reconciliations.

6. On January 24, 2020, Atlantic Union Bank alerted DWHH to "suspicious activity" in the law firm's three accounts with that bank.

7. After a brief investigation of many unauthorized withdrawals from those accounts by Ms. Tyler, on January 25, 2020, the partners in the law firm terminated Ms. Tyler's employment by email, after Ms. Tyler failed or refused to respond to phone calls.

8. DWHH immediately contacted the City of Charlottesville Police Department and Commonwealth's Attorney.

9. On August 10, 2020, Ms. Tyler was indicted by a grand jury on a number of felony embezzlement charges. She ultimately pled guilty to one felony count of embezzlement.

10. On April 3, 2020, DWHH retained Scott Wickham, a Certified Public Accountant and a Certified Fraud Examiner in Virginia, and the accounting firm of Robinson, Farmer, Cox Associates, PLLC ("RFC") to perform a forensic audit of the firm's trust, real estate, and operating accounts.

11. Mr. Wickham prepared a detailed report of his forensic audit for the firm. His review concluded that Ms. Tyler misappropriated firm and client funds over an approximately eight year period of time in the net total amount of $560,069.59.

12. At her sentencing hearing on August 6, 2021, Ms. Tyler was sentenced to twenty years in prison with eight years to serve actively, and ordered to pay criminal restitution. The Sentencing Order, as later modified, required her to pay $449,953.45 in restitution. *See* certified copy of the Restitution Order, attached as Exhibit 1.

13. To date, Ms. Tyler has paid $710.64 in restitution pursuant to that Order.

14. In her Chapter 7 Petition, Ms. Tyler list DWHH as a priority unsecured creditor and lists the amounts she currently owes DWHH in restitution payments as $499,537.25. See Petition, Schedule E/F, Page 1, Part 1.

15. Presumably, she is requesting this Court to discharge that debt along with the other unsecured debts listed in her Schedules.

16. DWHH objects to the discharge of the amount she still owes in criminal restitution on at least two bases:

A. Restitution ordered by a court in a criminal proceeding is non-dischargeable under 11 U.S.C. § 523(a)(7).

   1. In Kelly v. Robinson, 479 U.S. 36 (1986), the United States Supreme Court held that the language of Section 523(a)(7) was sufficiently broad to except from discharge a criminal restitution penalty that arose from a debtor's plea of guilty to a charge of larceny of Connecticut welfare benefits. The restitution at issue was payable by the debtor to a state probation office, and under Connecticut law, the debtor's payments were forwarded to the victim of the larceny, the state welfare agency. The Supreme Court interpreted § 523(a)(7) based in part upon its "deep conviction that federal bankruptcy courts should not invalidate the results of state criminal proceedings" and further "in light of the history of bankruptcy court deference to criminal judgments and in light of the interests of the States in unfettered administration of their criminal justice systems." 479 U.S. at 44, 47.

   2. Under Kelly, in order for a debt to be excepted from discharge under 11 U.S.C. § 523(a)(7), that debt must satisfy two requirements: 1) it must be paid "to and for the benefit of a governmental unit;" and 2) it must be penal rather than "compensation for actual pecuniary loss…" 11 U.S.C. § 523(a)(7).

        a. As to the first of those elements, requiring that restitution be paid "to and for the benefit of a governmental unit," courts have been divided as to whether restitution payments to a victim of crime are "for the benefit of a governmental unit." The Bankruptcy court in In re Mills, 290 B.R. 822 (Bankr. D. Colo. 2003), found that an individual restitution order was in effect for the benefit of the state "because criminal proceedings focus on the State's interest in rehabilitation and punishment rather than the victim's desire for compensation". Id. at 836.

3

Case 25-06015   Doc 1   Filed 09/29/25   Entered 09/29/25 13:39:55   Desc Main
Document   Page 4 of 6

   b. As to the second prong, the Fourth Circuit Court of Appeals has ruled that so long as the government's interest in enforcing a debt is penal, it makes no difference that an injured (party) may thereby receive compensation for pecuniary loss. *See* <u>U.S. Department of Housing & Urban Development v. Cost Control Marketing & Sales Management of Virginia</u>, 64 F.3d 920 (4th Cir. 1995) (an order to disgorge profits resulting from unlawful land sales found to be nondischargeable).

3. Based upon <u>Kelly v. Robinson</u> and its progeny, the purpose of restitution is to further the rehabilitative and deterrent goals of Virginia's criminal justice system. Thus, the restitution award is penal, rather than primarily compensatory.

4. Pursuant to 11 U.S.C. § 523 (a)(7), that debt should not be discharged in this Chapter 7 Bankruptcy.

B. The Debtor's criminal conviction for embezzlement bars discharge of the restitution award under 11 U.S.C. § 523(a)(4).

  1. 11 U.S.C. § 523(a)(4) creates an exception to discharge "for fraud or defalcation while acting in a fiduciary capacity, <u>embezzlement</u>, or larceny" (*emphasis added*).

  2. The U.S. Bankruptcy Court for the Eastern District of Virginia has defined embezzlement as "the fraudulent misappropriation of property by a person to whom such property has been entrusted, or whose hands it has lawfully come." <u>In re Myers</u>, 52 B.R. 901, 905 (Bankr. E.D. Va. 1985).

  3. In this case, the Debtor pled guilty to a charge of embezzlement and as one element of her criminal sentencing, was ordered to repay $449,953.45 to the court on behalf of DWHH from which she embezzled the money.

  4. Pursuant to 11 U.S.C. § 523(a)(4), that debt should not be discharged in this Chapter 7 Bankruptcy.

WHEREFORE, Dygert, Wright, Hobbs & Hernandez, PLC prays that this Court enter an Order:

A. Declaring that the criminal restitution award for the benefit of Dygert, Wright, Hobbs & Hernandez, PLC is excepted from discharge pursuant to 11 U.S.C. §§ 523(a)(4) and 523(a)(7); and

B. Granting such other and further relief as is just and equitable.

Dated this 22nd day of September, 2025.

Respectfully submitted,

Dygert, Wright, Hobbs & Hernandez, PLC
By Counsel

/s/ Joseph W. Wright, III, Esquire
VSB No. 30347
Dygert, Wright, Hobbs and Hernandez, PLC
415 4th Street, N.E.
Charlottesville, Virginia  22902
Tel:  (434) 979-5515
Fax:  (434) 295-7785
E-Mail:  jwright@charlottesvillelegal.com
   *Member of Dygert Wright Hobbs & Hernandez, PLC*

**ORDER FOR RESTITUTION (ADULT)**
Commonwealth of Virginia   VA. CODE § 19.2-305.1

Case No(s). EA 20-115

Charlottesville
CITY OR COUNTY

[ ] General District Court
[✓] Circuit Court
[ ] Juvenile and Domestic Relations District Court

[✓] Commonwealth of Virginia

v. Catherine Tyler
DEFENDANT

8305 Schuyler Road
ADDRESS OF DEFENDANT

Schuyler   VA   22969
CITY   STATE   ZIP

12/29/1963
DATE OF BIRTH

1486
SOCIAL SECURITY NO. (LAST 4 DIGITS ONLY)

TELEPHONE NO.

Having considered all relevant and material evidence presented as to restitution, the court ORDERS as follows:

**THE DEFENDANT IS ORDERED TO PAY RESTITUTION OF $ 449,953.45**

[ ] with interest accruing at the legal rate from

[ ] the date of loss or damage of .................. DATE   [ ] the date of this order [ ] .................. DATE

**PAYMENT TO THE CLERK'S OFFICE OF THIS COURT IS DUE IN FULL BY** .................. DUE DATE

[✓] A HEARING WILL BE HELD ON 12/3/2026 @ 9Am TO REVIEW COMPLIANCE WITH THIS ORDER.
HEARING DATE AND TIME

[ ] The defendant shall pay restitution as follows (if applicable):
  [ ] as part of an approved payment agreement in accordance with Va. Code § 19.2-354 for the payment of any fines, costs, restitution and other amounts owed; however; payment of restitution is still due in full by the due date above

  beginning [ ] .................. DATE   [ ] .................. PERIOD OF TIME   after release from incarceration.

  [ ] in payments of $ .................. per ..................

  beginning [ ] .................. DATE   [ ] .................. PERIOD OF TIME   after release from incarceration.

  [ ] as described in the payment plan submitted by the defendant which is incorporated in this order.

[ ] ..................

Payment of restitution shall be made on behalf of the following victim(s):   [ ] Supplemental sheet incorporated.

Victim 1: Dygert, Wright, Hobbs & Hernandez, PLC   $ 449,953.45   Victim 4: .................. $ ..................

Victim 2: .................. $ ..................   Victim 5: .................. $ ..................

Victim 3: .................. $ ..................   Victim 6: .................. $ ..................

[ ] A proportional percentage of a payment shall be paid to each victim.   [ ] Each victim should be fully paid in the above order.

[ ] Restitution to be paid by the defendant jointly and severally with the following convicted/adjudicated delinquent persons and any other co-defendants convicted/adjudicated delinquent:

[ ] DEFENDANT [ ] JUVENILE                                  [ ] DEFENDANT [ ] JUVENILE
DATE OF BIRTH   SOCIAL SECURITY NO. (LAST 4 DIGITS ONLY)    DATE OF BIRTH   SOCIAL SECURITY NO. (LAST 4 DIGITS ONLY)
ADDRESS                                                     ADDRESS
CITY   STATE   ZIP                                          CITY   STATE   ZIP
TELEPHONE NO.                                               TELEPHONE NO.

[ ] The amount of restitution shall be docketed as a judgment [ ] in the victim's name, as requested in writing by the victim.

[ ] ..................   [ ] Supplemental sheet incorporated.

Note: Any money paid by the defendant will be paid first to restitution, and any collection costs associated with restitution.

8/31/27
DATE

JUDGE

I acknowledge that I received a copy of this page at sentencing.

[signature] Catherine
DEFENDANT

FORM DC-317 (PAGE 1 OF ___) 07/21

A COPY TESTE:
LLEZELLE A. DUGGER, CLERK
[signature] DEP. CLERK